UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

RICHARD SHANE RUSH, ET AL.                                    CIVIL ACTION

VERSUS

ROBERT J. BARHAM                                              NO.: 3:13-cv-00723-BAJ-RLB

## RULING AND ORDER

Before the Court is Defendant Robert Barham's ("Barham") **MOTION TO DISMISS PURSUANT TO FRCP 12(b)(1), OR, ALTERNATIVELY, FRCP 12(b)(6) (Doc. 42).** Barham seeks an order dismissing Plaintiffs' Amended Complaint for lack of jurisdiction and/or failure to state a claim. (*Id.* at p. 4). Alternatively, Barham urges the Court to "abstain from ruling in this matter" pending the resolution of contemporaneous proceedings in Louisiana state court. (*Id.*). Plaintiffs Richard Rush, Betty Rush, and Comite Dirt Pit, Inc. (collectively, "Plaintiffs") oppose Barham's Motion to Dismiss. (Doc. 43). Barham has been allowed to file a reply to Plaintiffs' opposition, (Doc. 49), and Plaintiffs have been allowed to file a sur-reply, (Doc. 50). Oral argument is not necessary.

### I. BACKGROUND

To say the least, Plaintiffs' Amended Complaint is haphazard and scattershot.[1] Nevertheless, the Court is able to glean the following: Plaintiffs

---

[1] Indeed, Plaintiffs' Amended Complaint might charitably be described as a "shotgun pleading." A shotgun pleading is characterized by factually unsupported claims and frequently fails to specify which defendant is responsible for each act alleged. *See Strategic Income Fund, L.L.C. v. Spear, Leeds & Kellogg Corp.*, 305 F.3d 1293, 1295–96 (11th Cir. 2002); *Beckwith v. Bellsouth Telecommunications Inc.*, 146 F. App'x 368, 371 (11th Cir. 2005) ("The failure to identify claims with

1

Richard and Betty Rush are the owners of Plaintiff Comite Dirt Pit, Inc. ("CDP"), a Louisiana corporation. (Doc. 3 at ¶ 3). CDP owns a tract of land in East Baton Rouge Parish, Louisiana, along "the left descending bank of the Comite River." (*Id.* at ¶¶ 3–4). Since 1983, the Rushes, through CDP, have farmed, logged, and mined this property. (*Id.* at ¶ 5). More recently, Plaintiffs have turned a profit "allowing access by ATVs to the Comite River and the dirt mounds owned by [CDP] for recreational riding." (*Id.* at ¶ 10).

Defendant Robert Barham is Secretary of the Louisiana Department of Wildlife and Fisheries ("LDWF"). (*Id.* at ¶ 3). Beginning in 2009, Plaintiffs received a series of "summons[es]" from LDWF—signed by Secretary Barham—ordering them "not to farm any timber or dig or perform and [sic] actions on a portion of . . . [CDP's] property." (*See id.* at ¶¶ 6, 8, 11). LDWF referenced "the Louisiana Scenic Rivers []Act[,] La. R.S. 56:1840 *et seq.* . . . and rules promulgated thereunder" as the basis for these cease and desist orders. (*Id.* at ¶ 12). Specifically, LDWF cited Plaintiffs for "[a]llowing commercial access to a Natural and Scenic River without a permit as required by La. Administrative Code Title 76:DC.117." (*Id.*).

Despite numerous citations, it appears that Plaintiffs persisted in their activities. Indeed, Plaintiff Richard Rush was "arrested" in 2011 for failing to

---

sufficient clarity to enable the defendant to frame a responsive pleading constitutes a 'shotgun pleading.'"). Thus, with a shotgun pleading "it is virtually impossible to know which allegations of fact are intended to support which claim(s) for relief." *Anderson v. Dist. Bd. of Trustees of Cent. Florida Cmty. Coll.*, 77 F.3d 364, 366 (11th Cir. 1996). As a result "[s]hotgun pleadings delay cases by wasting scarce judicial and parajudicial resources." *Starship Enterprises of Atlanta, Inc. v. Coweta Cnty., Ga.*, 708 F.3d 1243, 1251 (11th Cir. 2013) (alterations omitted)); *see Kelly v. Huzella*, 71 F.3d 878 (5th Cir. 1995) (recognizing "shotgun pleading[s]" as "frivolous").

comply with the cease and desist orders. (*See id.* at ¶ 7; *see also* Doc. 43 at p. 12). Ultimately, the conflict between Plaintiffs and LDWF regarding the agency's ability to regulate use of CDP's property resulted in a lawsuit—filed by LDWF—in the Nineteenth Judicial District, Parish of East Baton Rouge, Louisiana. (Doc. 42 at ¶ 7; *see also* Doc. 43 at pp. 13–14). "The prosecution of [this] matter remains pending." (Doc. 3 at ¶ 6; *see also* Doc. 43 at p. 13 ("After the [December 23, 2013 hearing in federal court], Comite Dirt went back to state court to have the stipulated TRO set aside and the state court suit dismissed for lack of jurisdiction for failure to exhaust administrative proceedings.")).

On November 6, 2013, Plaintiffs filed the instant action in this Court. (Doc. 1). Plaintiffs' Amended Complaint alleges that "BARHAM's actions"—recounted above—"constitute action under color of state law which constitutes a taking, without due process or just compensation, of constitutionally protected property rights, in violation of the 5th and 14th Amendments to the U.S. Constitution and 42 U.S.C. § 1983." (Doc. 3 at ¶ 75). Plaintiffs further allege that Barham's actions resulted "in [a] violation of U.S. Const. Art. I, 10." (*Id.* at ¶ 74). Finally, it appears that Plaintiffs intend to state claims for violations of certain Louisiana statutes, including "the Louisiana Scenic Rivers Act." (*See id.* at ¶¶ 30, 65–66).

To compensate for these alleged violations, Plaintiffs' Amended Complaint seeks: (1) "damages for all lost profits"; (2) "a declaratory judgment . . . terminat[ing] . . . the controversy [in their favor]"; and (3) "injunctive relief . . . [preventing] BARHAM from acting to impair [their] ownership and contractual

rights." (*See id.* at ¶¶ 82–83). Previously, this Court denied Plaintiffs' request for a temporary restraining order and/or preliminary injunction pending resolution of Plaintiffs' cause of action. (Doc. 25). Now Secretary Barham seeks an order dismissing Plaintiffs' claims for lack of subject matter jurisdiction, pursuant to Federal Rule of Civil Procedure ("Rule") 12(b)(1), and/or for failure to state a claim, pursuant to Rule 12(b)(6). (*See* Doc. 42 at ¶ 4–9). For reasons explained below, the Court determines that it lacks jurisdiction to entertain Plaintiffs' Amended Complaint.[2]

## II. STANDARD OF REVIEW

"Federal courts are courts of limited jurisdiction. They possess only that power authorized by Constitution and statute, . . . which is not to be expanded by judicial decree." *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994) (citations omitted). "Under Rule 12(b)(1), a claim is properly dismissed for lack of subject-matter jurisdiction when the court lacks the statutory or constitutional power to adjudicate the claim." *In re FEMA Trailer Formaldehyde Prods. Liab. Litig. (Miss. Plaintiffs)*, 668 F.3d 281, 286 (5th Cir. 2012). "Lack of subject-matter jurisdiction may be found in the complaint alone, the complaint supplemented by the undisputed facts as evidenced in the record, or the complaint

---

[2] Because the Court finds that it lacks jurisdiction over Plaintiffs' claims, it does not address Secretary Barham's alternative argument that this matter should be stayed pursuant to various abstention doctrines. *Cf. Colo. River Water Conservation Dist. v. U. S.*, 424 U.S. 800, 813 (1976) ("Abstention from the exercise of federal jurisdiction is the exception, not the rule."). Likewise, the Court declines to address Barham's contention that Plaintiffs' Amended Complaint must be dismissed for failure to state a claim. *See In re FEMA Trailer Formaldehyde Prods. Liab. Litig. (Miss. Plaintiffs)*, 668 F.3d 281, 286–87 (5th Cir. 2012) ("The court should consider the Rule 12(b)(1) jurisdictional attack before addressing any attack on the merits. Considering Rule 12(b)(1) motions first prevents a court without jurisdiction from prematurely dismissing a case with prejudice." (citations omitted)).

4

supplemented by the undisputed facts plus the court's resolution of the disputed facts." *Id.* at 287. "A motion to dismiss for lack of subject-matter jurisdiction should only be granted if it appears certain that the plaintiff cannot prove any set of facts in support of his claims entitling him to relief." *Id.*

### III. ANALYSIS

Secretary Barham asserts that Plaintiffs' Amended Complaint suffers from multiple jurisdictional deficiencies. First, Barham argues that "the damages, expenses, and fees claims against the State should be dismissed because the State is entitled to sovereign immunity from suit in federal court." (Doc. 42 at ¶ 4). Next, Barham urges that "Plaintiffs['] . . . requests for a declaratory judgment, injunctive relief and damages . . . are not ripe for adjudication." (*Id.* at ¶ 7). The Court considers each argument in turn.

#### 1. Sovereign Immunity

Plaintiffs' Amended Complaint does not specify whether they are suing Secretary Barham in his individual capacity, his official capacity, or both. What is clear is that Plaintiffs seek "[monetary] damages for all lost profits" caused by Barham's actions at the helm of the LDWF. (*Id.* at ¶ 82).

The law is well-settled that "[w]hen the action is in essence one for the recovery of money from the state, the state is the real, substantial party in interest and is entitled to invoke its sovereign immunity from suit even though individual officials are nominal defendants." *Edelman v. Jordan*, 415 U.S. 651, 663 (1974); *see also id.* ("[A] suit by private parties seeking to impose a liability which must be paid

5

from public funds in the state treasury is barred by the Eleventh Amendment."); *Champagne v. Jefferson Parish Sheriff's Office*, 188 F.3d 312, 314 (5th Cir. 1999) ("The Eleventh Amendment bars citizens' suits in federal court against States and their alter egos."). From the face of the Amended Complaint and the nature of the allegations contained therein—the entirety of which relate to administrative actions within LDWF's purview—the Court has little trouble determining that although Secretary Barham is the "nominal defendant[]," the state of Louisiana "is the real, substantial party in interest." *See Jordan*, 415 U.S. at 663. And, because the state has not waived its sovereign immunity defense, Plaintiffs' claims must be dismissed to the extent that Plaintiffs seek damages. *See id.* at 1360–61 ("In deciding whether a State has waived its constitutional protection under the Eleventh Amendment, we will find waiver only where stated by the most express language or by such overwhelming implications from the text as will leave no room for any other reasonable construction." (quotation marks and alterations omitted)).

2. **Ripeness**

Next, Secretary Barham asserts that Plaintiffs' remaining claims should be dismissed because they "are not yet ripe for adjudication." (Doc. 42-2 at p. 10).

"[R]ipeness" is a "jurisdictional issue[]" pertaining to "whether the suit is being brought at the proper time." *Texas v. United States*, 497 F.3d 491, 496 (5th Cir. 2007).

> To determine if a case is ripe for adjudication, a court must evaluate (1) the fitness of the issues for judicial decision, and (2) the hardship to the parties of withholding court consideration. The fitness and hardship prongs must be balanced, and a case is generally ripe if any

> remaining questions are purely legal ones. Yet even where an issue presents purely legal questions, the plaintiff must show some hardship in order to establish ripeness.

*Id.* at p. 498 (quotation marks, alterations, and citations omitted). Regarding the "fitness" prong, the U.S. Fifth Circuit has further instructed that "[a] challenge to *administrative regulations* is fit for review if (1) the questions presented are purely legal ones, (2) the challenged regulations constitute final agency action, and (3) further factual development would not significantly advance the court's ability to deal with the legal issues presented." *Id.* (emphasis added; quotation marks and alterations omitted).

Here, it is abundantly clear from the face of the Amended Complaint that Plaintiffs' cause of action is *not* ripe for review. To repeat, each of the allegations contained in the Amended Complaint relates to administrative actions within LDWF's authority—specifically, the agency's enforcement of "the Louisiana Scenic Rivers[] Act." (*See* Doc. 3 at ¶ 12). Plaintiffs have since indicated that their primary grievance is that "[they] have never been given a hearing on any issue" related to LDWF's regulation of CDP property. (*See* Doc. 43 at p. 4; *see also id.* at pp. 10, 13). At the same time, Plaintiffs admit that state proceedings regarding their use of CDP's property are ongoing. (Doc. 43 at ¶ 6 ("The prosecution of [this] matter remains pending."); *see also* Doc. 43 at p. 25 ("[T]he dispute over whether proper action was taken by LDWF to institute those charges absent the exhaustion of administrative [sic] is currently pending in state court.").

The existence of parallel state proceedings renders Plaintiffs' cause of action unfit at each step of the fitness inquiry. First, fact findings will necessarily result from the state proceedings and, thus, the questions presented in this matter are *not* "purely legal ones." *Texas*, 497 F.3d at 498. Likewise, additional "factual development" will "advance the court's ability to deal with the legal issues presented."[3] *Id.* Finally, lacking a final decision regarding the proper use of CDP property, Plaintiffs cannot show that LDWF "regulations constitute final agency action." *Id.*

On the other side of the scale, Plaintiffs cannot seriously maintain that "hardship to the parties" will result from "withholding court consideration" in this matter. *Id.* Plaintiffs concede that the focus of the pending State proceedings is to determine the propriety of the "action . . . taken by LDWF." (Doc. 43 at p. 25). Quite simply, the Court is at a loss to understand why Louisiana's courts are not adequate to vindicate Plaintiffs' rights in this matter. More to the point, Plaintiffs' *and* Secretary Barham's burdens will *each* be *increased* should this Court conduct parallel proceedings on the *same* underlying issues.

Thus, because the fitness and hardship prongs each favor a determination that Plaintiffs' action is premature, the Court will dismiss the remaining claims as unripe. *See Texas*, 497 F.3d at 498.

IV. **CONCLUSION**

Accordingly,

---

[3] In particular, Plaintiffs' claim that Secretary Barham's actions constitute "a regulatory taking[]" rises or falls based on the outcome of the State proceedings.

**IT IS ORDERED** that Barham's **MOTION TO DISMISS (Doc. 42)** is **GRANTED.** Specifically, the Court dismisses each of Plaintiffs' claims for lack of subject matter jurisdiction pursuant to Rule 12(b)(1).

Baton Rouge, Louisiana, this 17th day of July, 2014.

_____
**BRIAN A. JACKSON, CHIEF JUDGE
UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF LOUISIANA**